W.S. TYLER COMPANY, APPELLEE, *v.* BOARD OF REVISION OF LAKE COUNTY; BOARD OF EDUCATION OF THE MENTOR EXEMPTED VILLAGE SCHOOL DISTRICT, APPELLANT.

[Cite as W.S. Tyler Co. *v.* Lake Cty. Bd. of Revision (1991), 57 Ohio St. 3d 47.]

(No. 89-1860—Submitted September 27, 1990—Decided January 16, 1991.)

*Malitz & Barker, Lawrence R. Barker* and *M. Jayne H. Geneva,* for appellee.

*Donald M. Robiner* and *Dale M. Hartman,* for appellant.

*Per Curiam.* Appellant contends that the decision of the BTA was unreasonable and unlawful and argues:

(1) the sale price should not be used as a gauge of true value because the sale, being on October 30, 1987, was not timely relative to the tax lien date of January 1, 1987; (2) the sale was not an arm's-length transaction; (3) appellant was denied due process and due course of law because the BTA decision was rendered one day following the filing of the school board's brief and appellant was, therefore, denied a meaningful right to be heard; (4) the allocation of the sale price between real estate and machinery and equipment distorts the true value of the subject property; and (5) the BTA misapplied *Mentor Exempted Village Bd. of Edn.* v. *Lake Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 318, 526 N.E. 2d 64.

We find that the decision of the BTA was not unreasonable or unlawful and affirm it.

We hold that the sale was within a reasonable time of tax lien date and that the sale price was reflective of true value. *Hilliard City School Dist. Bd. of Edn.* v. *Franklin Cty. Bd. of Revision* (1990), 53 Ohio St. 3d 57, 558 N.E. 2d 1170.

The BTA was correct in finding that there was insufficient evidence that the transaction of October 30, 1987 was other than an arm's-length transaction.

It may be true that appellant was denied a meaningful consideration of its brief before the BTA. It may also be true that the action of the BTA, as appellant charged in oral argument, was discourteous and done in haste. We hold those aspects of the BTA's conduct, in and of themselves, do not constitute lack of due process or due course of law. We will not reverse findings of fact by the BTA unless they are determined to be unreasonable or unlawful. *Hatchadorian* v. *Lindley* (1986), 21 Ohio St. 3d 66, 21 OBR 365, 488 N.E. 2d 145, paragraph one of the syllabus. We hold that the BTA decision is supported by sufficient probative evidence. *Hawthorne Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus.

There were no facts before the BTA to indicate that the allocation among land, building, machinery and equipment was improper. The allocation was based upon negotiations between the parties, and did not distort the true value of the subject property.

Finally, we find no indication that the BTA's use of the *Mentor* decision was inappropriate or incorrect. In real property valuation cases it is fundamental that the BTA has wide discretion in determining the weight to be given to evidence and whether to accept or reject testimony presented to it. *Cuyahoga Cty. Bd. of Revision* v. *Fodor* (1968), 15 Ohio St. 2d 52, 44 O.O. 2d 30, 239 N.E. 2d 25; *Cardinal Fed. S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433.

The decision of the BTA is neither unreasonable nor unlawful and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.