CITY OF EAST LIVERPOOL, APPELLANT, *v.* COLUMBIANA
COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *E. Liverpool v. Columbiana Cty. Budget Comm.,*
116 Ohio St.3d 1201, 2007-Ohio-5505.]

(No. 2006–1129—Submitted September 18, 2007—Decided October 23, 2007.)

{¶ 1} This cause is before the court upon appellant East Liverpool's motion for reconsideration of our decision reported at 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705. East Liverpool contends that the court failed to address the equal protection argument that it had advanced through the first assignment of error in its notice of appeal. That contention is incorrect. The court's opinion directly addresses and rejects East Liverpool's argument that R.C. 5747.53(C) and 5747.63(C) are facially unconstitutional on account of the different treatment of East Liverpool citizens with respect to "representation in the legislative vote of political subdivisions to approve a new alternative formula."

{¶ 2} In rejecting this contention, we held that the distinction between the largest city and the other subdivisions is rational in light of the operation of the statutes as a whole because, absent an exclusion under division (C), the statutes require that the largest city approve an alternative method of apportionment—thereby conferring a super-vote, or "veto" vote, upon the largest city. In ¶ 29 of our opinion, we pointed out that the exclusion of the largest city's vote must occur annually, which means that with each new year, East Liverpool starts out with a veto vote and is thereby enabled to protect its interests.

{¶ 3} Additionally, we note that the motion for reconsideration apparently raises an entirely new argument. East Liverpool asserts that "[w]hile the General Assembly can make rational distinctions between political subdivisions concerning the degree of legislative representation (the weight of the vote), it cannot completely eliminate a targeted group of citizens' legislative representation in an effort to achieve consensus." In its briefs, East Liverpool argued that the distinction between the largest city and other subdivisions lacked a rational basis; now East Liverpool appears to argue that a rational basis is not sufficient because the measure at issue is an exclusion, rather than one that merely gives a different weight to a particular subdivision's vote. East Liverpool never pressed this argument in its briefs, and under our precedent it is therefore "deemed to be

abandoned." *Household Fin. Corp. v. Porterfield* (1970), 24 Ohio St.2d 39, 46, 53 O.O.2d 22, 263 N.E.2d 243.

{¶ 4} The motion for reconsideration is denied.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., dissents.

---

John R. Varanese, for appellant.