[Cite as *Elyria v. Lorain Cty. Budget Comm.*, 128 Ohio St.3d 485, 2011-Ohio-1482.]

CITY OF ELYRIA ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* LORAIN
COUNTY BUDGET COMMISSION ET AL., APPELLEES; COUNTY OF LORAIN,
APPELLEE AND CROSS-APPELLANT.

[Cite as *Elyria v. Lorain Cty. Budget Comm.*,
128 Ohio St.3d 485, 2011-Ohio-1482.]

*Allocation of local government fund and local government assistance fund — R.C.*
*5747.55(D) — BTA's decision is reasonable and lawful — Decision*
*affirmed.*

(No. 2010-0564 — Submitted January 19, 2011 — Decided April 5, 2011.)

APPEAL from the Board of Tax Appeals, Nos. 2003-M-1533,
2004-M-1166, and 2005-M-1301.

_____

**O'DONNELL, J.**

{¶ 1} The cities of Elyria, Avon Lake, and North Ridgeville and the township of Amherst, appellants and cross-appellees here, again challenge appellee Lorain County Budget Commission's apportionment of local government funds for the distribution years 2004, 2005, and 2006. In their first appeal, we reversed the BTA's dismissal of their challenge for lack of jurisdiction and remanded for consideration of their case on the merits. See *Elyria v. Lorain Cty. Budget Comm.*, 117 Ohio St.3d 403, 2008-Ohio-940, 884 N.E.2d 553.

{¶ 2} This appeal and cross-appeal arise from a decision of the BTA following our remand and present two issues: first, whether reduction of the allocation of local government funds to Elyria, Avon Lake, North Ridgeville, and Amherst Township pursuant to the new alternative method of apportionment adopted for 2004, 2005, and 2006 is lawful because it arose as part of the settlement of an appeal of the 2002 apportionment brought by the city of Lorain,

when none of the political subdivisions here were parties to either that case or that settlement; and second, whether the BTA reasonably and lawfully disapproved of a special adjustment to the new alternative method of apportionment for 2004 intended to reimburse the county for $250,000 of the $500,000 settlement payment it tendered to the city of Lorain to resolve the 2002 appeal.

{¶ 3} Because the BTA acted reasonably and lawfully when it approved the new alternative method of apportionment formula for 2004, 2005, and 2006 and when it found that the $250,000 special adjustment to the 2004 apportionment overallocated general revenue funds to Lorain County, we affirm the decision of the BTA.

### Facts and Procedural History

{¶ 4} During the years at issue here, Ohio law provided for a portion of various state taxes to be placed in a local government fund and a local government revenue assistance fund, which the state distributed to county treasurers and credited to the Undivided Local Government Fund and the Undivided Local Government Revenue Assistance Fund of each county. See R.C. 5747. 03(A)(1) and former R.C. 5747.61(B), 143 Ohio Laws, Part II, 2331, 2630-2632. The county budget commission then apportioned these local government funds among the political subdivisions within the county.

{¶ 5} The legislature provided that these funds be distributed either by a statutory method of apportionment pursuant to R.C. 5747.51 and former R.C. 5747.62, 147 Ohio Laws, Part II, 3906, 3945-3947, or by an alternative method of apportionment pursuant to R.C. 5747.53 and former R.C. 5747.63, 149 Ohio Laws Part IV, 7881, 7887-7890, which involved adopting a formula for distribution of the funds to each subdivision.

{¶ 6} From 1984 to 2003, the Lorain County Budget Commission applied an alternative method of distributing these funds to the political subdivisions in Lorain County.

**{¶ 7}** In November 2002, however, a month after the budget commission had allocated local government funds for 2003 in accordance with the existing alternative method, the city of Lorain appealed its distribution to the BTA, contending that the budget commission had allocated funds to an ineligible entity and that the alternative method of apportionment had not been adopted in accordance with statutory requirements. The appeal named 21 political subdivisions as appellees, but it did not name Lorain County, Elyria, Avon Lake, North Ridgeville, or Amherst Township as appellees.

**{¶ 8}** Although not a party to the city's appeal, in July 2003, Lorain County proposed a settlement to the mayor of Lorain whereby the county would make a one-time $500,000 payment to the city of Lorain that year, in addition to the 2003 distribution calculated by the 2002 methods, and a majority of the Lorain County political subdivisions would commit to adopting a new alternative method of allocating local government funds to the political subdivisions in Lorain County. This new alternative method would increase the share allocated to the city of Lorain in the 2004 distribution year by about $640,000 while decreasing the share received by other political subdivisions, reducing Elyria's share to 10.05 percent from 10.59, reducing Avon Lake's share to 2.67 percent from 2.82, reducing North Ridgeville's share to 3.25 percent from 3.42, and reducing Amherst Township's share to 0.48 percent from 0.51. That settlement also provided for a special adjustment in the 2004 distribution to reimburse Lorain County $250,000 of its $500,000 settlement payment made to the city of Lorain to resolve the 2002 appeal. This $250,000 "carve out" would further reduce the amount allotted to Elyria, Avon Lake, North Ridgeville, and Amherst Township.

**{¶ 9}** The city of Lorain and a majority of the other political subdivisions in the county adopted the new alternative method in September 2003. When the matter came before the Board of County Commissioners of Lorain County for approval, the law director for the city of Elyria, the mayor of North Ridgeville,

and a representative of the trustees for Amherst Township appeared and objected, asserting that their political subdivisions had not been made parties to the settlement and therefore should not be bound by it. The commission also received a letter from the Amherst Township trustees and an e-mail from the mayor of Avon Lake, each objecting on similar grounds. Despite these objections, the commissioners approved the new alternative method.

{¶ 10} On September 24, 2003, the Lorain County Budget Commission approved and adopted the new alternative method, and the BTA subsequently dismissed the city of Lorain's appeal.

{¶ 11} Elyria, Avon Lake, North Ridgeville, and Amherst Township appealed to the BTA, challenging their reduced share of the local government funds for distribution years 2004, 2005, and 2006. The BTA dismissed the appeal for each distribution year due to lack of jurisdiction, finding that the four political subdivisions had failed to comply with R.C. 5747.55(C)(3) by not identifying the city of Lorain in their notice of appeal as receiving more than its proper share of the allocation.

{¶ 12} In their initial appeal to this court, we reversed the decision of the BTA and held that while these political subdivisions were obligated to comply with R.C. 5747.55(C)(3) to maintain their appeal, they had asserted a claim that justified naming the county as the only overallocated subdivision, so that the BTA had jurisdiction to determine the merits of their claim. *Elyria v. Lorain Cty. Budget Comm.*, 117 Ohio St. 3d 403, 2008-Ohio-940, 884 N.E.2d 553, ¶ 24.

{¶ 13} Following our remand, Elyria, Avon Lake, North Ridgeville, and Amherst Township withdrew their claim that the new alternative method had not been adopted in the manner prescribed by statute but continued to object that they were not parties to the settlement. The BTA concluded that the new alternative method of apportionment could be applied to these political subdivisions even though they had not been made parties to the settlement of the prior appeal.

*Elyria v. Lorain Cty. Budget Comm.* (Mar. 2, 2010), BTA Nos. 2003-M-1533, 2004-M-1166 and 2005-M-1301, 2010 WL 751773, *5. However, it found that the $250,000 adjustment for distribution year 2004 intended to reimburse the county for half its 2003 settlement payment to the city of Lorain could not be applied to the four political subdivisions because the "$250,000 is traceable to the 2003-allocation settlement," and the BTA therefore modified the 2004 apportionment to the extent that the carve-out applied to them. Id. at *6.

## Positions of the Parties

{¶ 14} In their second appeal to this court, Elyria, Avon Lake, North Ridgeville, and Amherst Township maintain that the restrictive language in R.C. 5747.55(D), which provides that "no change shall, in any amount, be made in the amount allocated to participating subdivisions not appellees," bars the application of the new alternative method to reduce their shares of local government funds for distribution years 2004, 2005, and 2006, because the alternative method resulted from the settlement of the earlier appeal to which they were not named as parties. Further, they assert that the percentage of Lorain County inhabitants residing within municipal corporations exceeded 81 percent in 2005, and pursuant to R.C. 5747.51(H) and 5747.53(E), this shift should have limited the percentage of local government funds allocated to the county to 30 percent, rather than the 48.30 percent allocation it received in the 2006 distribution. Elyria, Avon Lake, North Ridgeville, and Amherst Township therefore request that the excess allocation to the county be redistributed to the other political subdivisions.

{¶ 15} The county, on the other hand, contends that the BTA lacks authority to grant the relief sought by the four political subdivisions because the statutes do not permit a "hybrid allocation" to reinstate the pre-2004 allocations to the four political subdivisions and reduce the share to the county, while also maintaining the allocations that other political subdivisions received pursuant to the alternative method adopted for 2004, 2005, and 2006. It further argues that

R.C. 5747.55(D) does not apply to this appeal, urging that while this statute may prevent a reduction in the apportionment for 2003, it does not override the new apportionment method adopted for subsequent years. The city of Lorain largely joins this argument.

{¶ 16} Lorain County cross-appeals, suggesting that the notice of appeal to the BTA does not mention or specifically seek relief as to the carve-out, and it also asserts that the BTA erred in characterizing a portion of the 2004 allocation — the $250,000 special adjustment — as a reallocation of funds that had been the subject of a prior appeal, because the four political subdivisions' 2003 allocation could not be reduced by an alternative method of apportionment allocating local government funds for subsequent years. Thus, the county maintains that the BTA created a new method of apportioning local government funds not authorized by statute.

{¶ 17} The four political subdivisions maintain that the BTA had authority pursuant to R.C. 5747.55(E) to eliminate the carve-out from the 2004 apportionment, because it reduced their share of local government funds as the result of an appeal to which they were not made parties, in violation of R.C. 5747.55(D).

## Law and Analysis

{¶ 18} Pursuant to R.C. 5747.53(G) and former R.C. 5747.63(G), 149 Ohio Laws, Part IV, 7881, 7890, the BTA reviews the budget commission's actions in adopting the alternative formula for an abuse of discretion. However, our review is more limited. As we explained in *E. Liverpool v. Columbiana Cty. Budget Comm.* (2000), 90 Ohio St.3d 269, 271, 737 N.E.2d 44, "[w]e are confined to our statutorily delineated duty of determining whether the BTA's decision is reasonable and lawful."

{¶ 19} With an exception not relevant here, R.C. 5747.53(B) and former R.C. 5747.63(B), 149 Ohio Laws, Part IV, 7881, 7888, authorized the county

budget commission to adopt an alternative method of apportioning local government funds, requiring only that the board of county commissioners, the legislative authority of the county's city with the greatest population, and a majority of the remaining political subdivisions in the county first approve it. As we explained in *E. Liverpool v. Columbiana Cty. Budget Comm.*, 105 Ohio St.3d 410, 2005-Ohio-2283, 827 N.E.2d 310, ¶ 10, "[t]he alternative method under R.C. 5747.53 and [former] 5747.63 * * * does not require the budget commission to afford political subdivisions an opportunity to be heard under oath before allocating ULGF and ULGRAF dollars, because those statutes only require the county board of commissioners and the appropriate political subdivisions to approve the alternative formula before it is adopted by the budget commission. Accordingly, when the commission and the county's political subdivisions have already approved an alternative formula, the statutes do not require the commission to provide a hearing prior to adopting an alternative formula."

{¶ 20} Elyria, Avon Lake, North Ridgeville, and Amherst Township do not dispute that the county budget commission complied with the applicable statutory procedures in adopting the new alternative method of apportionment, admitting that any contrary argument is jurisdictionally barred. Further, the record reflects that the four political subdivisions had notice and an opportunity to be heard before the budget commission adopted the new alternative method. In accordance with law, the board of county commissioners, the county's city with the greatest population, and a majority of the remaining political subdivisions in the county approved the new alternative method before the budget commission adopted it. Elyria, Avon Lake, North Ridgeville, and Amherst Township were outvoted, and the budget commission adopted the new alternative method.

{¶ 21} R.C. 5747.55(D), however, states that "no change shall, in any amount, be made in the amount allocated to participating subdivisions not appellees" to the appeal of a county budget commission apportionment. When

the city of Lorain appealed the 2002 apportionment of local government funds, the appeal could not affect the share of any political subdivision for distribution year 2003 not named as a party, but could reduce the shares only of the political subdivisions indentified in the notice of appeal as receiving more than their proper shares. See R.C. 5747.55(C)(3) and (D).

{¶ 22} The new alternative method adopted by the county budget commission, which prescribes the percentage share of local government funds allocated to each political subdivision, applies *prospectively* for 2004, 2005, and 2006. While the idea for a new alternative method may have arisen during negotiations to settle the city of Lorain's appeal, the settlement did not itself reduce the shares of the 2002 apportionment allocated in 2003 to Elyria, Avon Lake, North Ridgeville, and Amherst Township. Rather, it was the county budget commission's adoption of the new alternative method in accordance with R.C. 5747.53(B) and former R.C. 5747.63(B) that reduced the percentage of local government funds that the four political subdivisions received. R.C. 5747.53(D) and former R.C. 5747.63(D), 149 Ohio Laws, Part IV, 7881, 7890, vested the county budget commission with discretion to include "any factor" it considered appropriate and reliable in apportioning local government funds, and the four political subdivisions have not demonstrated that the budget commission abused its discretion in determining their percentage shares of those funds.

{¶ 23} In contrast, the parties to the 2003 appeal explicitly intended the $250,000 special adjustment to the new alternative method of apportionment for 2004 to reimburse the county for part of the payment it made to the city of Lorain to settle the appeal. This carve-out is directly traceable to the settlement, and because Elyria, Avon Lake, North Ridgeville, and Amherst Township were not parties to it, their shares could not be reduced to offset money tendered to settle the appeal. The county budget commission therefore abused its discretion in reducing the amount allocated to these four political subdivisions based on the

2003 settlement payment of $250,000, and the BTA reasonably and lawfully modified the 2004 apportionment to the extent that the special adjustment had been applied to them.

{¶ 24} Finally, while the four political subdivisions contend that the BTA should have considered their argument that the county received more than its proper share of the 2006 distribution because the municipal population of Lorain County had surpassed 81 percent of the total population, they failed to raise this issue in their initial merit brief on remand from this court and waited until their reply brief to present this issue to the BTA. As we explained in *HealthSouth Corp. v. Levin*, 121 Ohio St.3d 282, 2009-Ohio-584, 903 N.E.2d 1179, "the omission of an argument from a party's brief may be deemed to waive that argument," and the BTA therefore did not commit reversible error when it declined to address this belated argument. Id. at ¶ 18, fn. 2, citing *E. Liverpool v. Columbiana Cty. Budget Comm.*, 116 Ohio St.3d 1201, 2007-Ohio-5505, 876 N.E.2d 575, ¶ 3; see also *State ex rel. Grounds v. Hocking Cty. Bd. of Elections*, 117 Ohio St.3d 116, 2008-Ohio-566, 881 N.E.2d 1252, ¶ 24 (tribunal need not address an argument raised for the first time in a reply brief).

## Conclusion

{¶ 25} Ohio law authorized the county budget commission to adopt an alternative method of apportionment of local government funds provided that the board of county commissioners, the legislative authority of that county's city with the greatest population, and a majority of the remaining political subdivisions in the county first approved it. The BTA determined that the statutory requirements were met, and the record supports that determination. Accordingly, the BTA reasonably and lawfully approved the alternative method of apportioning local government funds prescribing the percentage share for each political subdivision for distribution years 2004, 2005, and 2006.

**{¶ 26}** However, a special adjustment to the method of apportionment for one year intended to offset money tendered to settle the appeal of a prior year's apportionment may not be applied to political subdivisions that were not parties to the appeal. In accord with this precept, the BTA reasonably and lawfully found that the $250,000 carve-out at issue in this case could not be applied against the shares of local government funds allocated to Elyria, Avon Lake, North Ridgeville, and Amherst Township in 2004.

**{¶ 27}** For these reasons, on the appeal, we affirm the decision of the BTA to uphold the new alternative method adopted for distribution years 2004, 2005, 2006. Furthermore, on the county's cross-appeal, we affirm the decision of the BTA to eliminate for these appellants and cross-appellees the $250,000 adjustment applied against them in 2004.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

——————————

Terry S. Shilling and Michelle D. Nedwick, Elyria Law Director, for appellants and cross-appellees city of Elyria and Amherst Township.

Zagrans Law Firm, L.L.C., and Eric H. Zagrans, for appellant and cross-appellee city of North Ridgeville.

William J. Kerner Sr., for appellant and cross-appellee city of Avon Lake.

Thompson Hine, L.L.P., John T. Sunderland, and John B. Kopf, for appellees and cross-appellants Lorain County and Lorain County Board of County Commissioners.

John R. Varanese, for appellee city of Lorain.

——————————