**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision,* **Slip Opinion No. 2014-Ohio-4036.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4036

RNG PROPERTIES, LTD., APPELLANT, *v.* SUMMIT COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision,* Slip Opinion No. 2014-Ohio-4036.]**

*Taxation—Real property—Valuation—Recent sale as measure of value—Board of Tax Appeals' rejection of contractual allocation of sale price as determinative of value not unlawful or unreasonable.*

(No. 2013-0028—Submitted May 13, 2014—Decided September 23, 2014.)

APPEAL from the Board of Tax Appeals, Nos. 2009-Q-3565, 2009-Q-4002, 2009-Q-4056, and 2009-Q-4057.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case addresses whether the Board of Tax Appeals ("BTA") acted reasonably and lawfully when it rejected a contractual allocation of a 2010 asset purchase price to determine property values for tax year 2008. Appellant, RNG Properties, Ltd., the owner-taxpayer, sold a

large industrial-warehouse business in 2010, including several parcels of Akron-area real estate, and urged the BTA to adopt the contractual allocation of the purchase price to certain properties; that allocation would then become the basis for the valuation of those parcels. The BTA, however, rejected the allocation, holding that the proffered documents showed that the 2010 sale included some but not all of the parcels at issue as well as parcels that were not at issue. BTA Nos. 2009-Q-3565, 2009-Q-4002, 2009-Q-4056, and 2009-Q-4057, 2012 WL 6823370, *2 (Dec. 11, 2012), fn. 4.

{¶ 2} On appeal, RNG contends that the BTA erred by (1) failing to accept the contractual allocation of purchase price and (2) failing to "allocate[] the aggregate purchase price of the various parcels in proportion to each [parcel's] percentage of the aggregate amount of value as determined by the Summit County Fiscal Officer." We disagree, and we therefore affirm the decision of the BTA.

### THE PARCELS AT ISSUE AND THE BOARD OF REVISION PROCEEDINGS

{¶ 3} For tax year 2008, RNG filed four valuation complaints that challenged the Summit County Fiscal Officer's valuation of a total of seven parcels, referred to here by street address and parcel numbers.

{¶ 4} ● 1779 Marvo Drive: Four parcels (51-09972 through 51-09974 plus 51-09977) improved with six buildings comprising a warehouse-office complex on about 12 acres with 212,065 square feet of industrial warehouse-office space. The fiscal officer's valuation for tax year 2008 in the aggregate was $3,623,114. RNG first proposed a valuation of $2,969,000. Later, at the hearing before the Summit County Board of Revision ("BOR"), RNG proposed a valuation of $2,797,000.

{¶ 5} ● 1738 Marvo Drive: One parcel (51-03928) of 13.0433 acres improved with one warehouse building of 243,424 square feet. The fiscal officer's valuation for tax year 2008 was $6,372,030. RNG's requested valuation is $4,868,480.

**{¶ 6}**  ● 995 Home Ave.:  One parcel (67-57142) of 5.62 acres improved with a warehouse of 137,020 square feet. The fiscal officer's valuation for tax year 2008 was $1,872,400.  RNG first proposed a valuation of $1,090,450 in its complaint.  Later, at the BOR hearing, RNG proposed a valuation of $1,225,000.

**{¶ 7}**  ● Palmetto Ave.:  A single parcel (67-60824) of 4.176 acres; RNG indicates that *this complaint has been withdrawn.*

**{¶ 8}**  At the BOR hearing, RNG presented owner opinions of value.  In each case, the owner's opinion calculates value using an income approach and a sales-comparison approach and reconciles those numbers to arrive at the proposed values indicated above.

**{¶ 9}**  In each case, Ron Goson supplied an affidavit asserting his status as owner of the property and verifying the information in the owner's opinion of value.  (Actually, of course, RNG was the owner, but Goson signed the 2010 purchase agreement as "sole member" of RNG.)  In each case, no live testimony was offered.

**{¶ 10}** The BOR rejected RNG's requests for decreased valuations for lack of probative evidence.  RNG appealed to the BTA.

### THE BTA APPEAL:  RNG ASKS FOR USE OF AN ALLOCATED SALE PRICE

**{¶ 11}** At the BTA, the parties waived hearing and submitted the case on the BOR record, but RNG supplemented the record with documentation of a 2010 sale of properties in the context of a sale of the warehousing business.  RNG says that the parties have agreed to the supplement, but there was no formal stipulation, and the Springfield Local School District Board of Education by letter lodged an objection to new evidence pursuant to R.C. 5715.19(G).  In this appeal, however, the appellees have not enunciated any objection to the new evidence being considered, and it is self-evident that the statutory objection does not apply because the evidence presented at the BTA did not exist at the time of the BOR hearing.

**{¶ 12}** RNG submitted what it called "[p]ertinent pages" of a 2010 Asset Purchase Agreement ("APA"), a HUD settlement-statement form, and two warranty deeds with property descriptions attached. More specifically, RNG pointed to a section of the APA that required the purchaser to deliver an allocation of the total contract price ($14,825,000 with contractual adjustments) to RNG before closing. That provision specified that the allocation should include "$8,425,000 for the Marvo Drive real estate assets and $1,400,000 for the Home Avenue real estate assets allocated to RNG," for a total real-estate allocation of $9,825,000. The provision then states that the allocation must satisfy requirements of federal tax law.

**{¶ 13}** Consistent with the APA allocation, the settlement statement set forth a "contract sales price" of $9,825,000, but did not specify the properties included in the transfer.

**{¶ 14}** RNG asked the BTA to allocate $8,425,000 to the five Marvo Drive parcels (four of them listed on the complaint for 1779 Marvo; one listed on the complaint for 1738 Marvo) and $1,400,000 to "the Home Avenue parcel," 67-57142 (mentioned in the 995 Home Avenue complaint). RNG did not discuss the additional Marvo Drive parcel listed in the supplemental documentation, parcel 51-09975, which was part of the sale but which was not the subject of a valuation complaint. RNG also failed to address the fact that the purchase agreement lists a different Home Avenue parcel, with the street address 989 rather than 995, as part of the property transferred under the agreement.

**{¶ 15}** In its decision issued on December 11, 2012, the BTA noted that the best evidence of value was a recent, arm's-length sale, but concluded that RNG had presented "insufficient evidence of the sale * * * to allow us to use it as a basis for our determinations of value." 2012 WL 6823370, *2. The BTA then proceeded to evaluate the evidence presented to the BOR and concluded that it merited little weight because it was not clear who had prepared the valuations and

because Goson's qualifications were unclear. *Id*. Accordingly, the BTA found that the values determined by the fiscal officer and the BOR should be retained. *Id*. at *3.

{¶ 16} RNG has appealed and restricts its argument to the claim that the BTA ought to have adopted an allocated sale price as the value of the properties. RNG has supplemented the record in this court with conveyance-fee statements that were not introduced below.

## RNG'S PROPOSITIONS OF LAW ON APPEAL

{¶ 17} RNG has advanced three propositions of law as follows:

1. The decision of the Board of Tax Appeals is unreasonable and unlawful as it failed to recognize the recent, arm's-length sale of the subject properties.

2. The decision of the BTA is unlawful and unreasonable in that it failed to determine an allocation of the sale price to the subject properties.

3. The decision of the BTA is unconstitutional as it failed to use a recent, arm's-length sale in accordance with R.C. § 5713, et seq.

## STANDARD OF REVIEW

{¶ 18} In reviewing a decision of the BTA, we do not sit as "a super BTA or a trier of fact de novo." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 17, citing *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision*, 66 Ohio St.2d 398, 400, 422 N.E.2d 846 (1981). To the contrary:

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

*Id*., quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. "The BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations," we will affirm them. *Am. Natl. Can Co. v. Tracy*, 72 Ohio St.3d 150, 152, 648 N.E.2d 483 (1995).

{¶ 19} The present appeal confronts us with a mixed question of law and fact. RNG argues that an allocated sale price should be determinative of value, but the BTA concluded that the evidence of allocation to the parcels was insufficient. We " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).

{¶ 20} Of particular significance in this appeal are our pronouncements concerning the use of an allocated sale price from a bulk sale. We have stated that "the best evidence of 'true value in money' is the proper allocation of the lump-sum purchase price and not an appraisal ignoring the contemporaneous sale." *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph two of the syllabus.

{¶ 21} But we have also acknowledged situations in which the sale price cannot be allocated:

6

> The Board of Tax Appeals is not required, in every instance, and in all events, to accept as the true value in money of real property, an allocation of a portion of a lump-sum purchase price paid for a group of assets which included the property in question, and where it finds a proper allocation of the lump-sum purchase price to the property in question is not possible it may consider all of the evidence which is before it in determining the true value in money of the property.

*Consol. Aluminum Corp. v. Monroe Cty. Bd. of Revision*, 66 Ohio St.2d 410, 414-415, 423 N.E.2d 75 (1981). The question of which of the two foregoing pronouncements applies in this case is primarily one of law, and we conclude that the BTA correctly determined that the record was insufficient to permit the use of the allocated sale prices in this case.

### THE CONVEYANCE-FEE STATEMENTS CANNOT BE CONSIDERED IN SUPPORT OF RNG'S POSITION ON APPEAL

{¶ 22} Although they were not presented below, RNG includes two conveyance-fee statements in the supplement before this court. S.Ct.Prac.R. 16.09(A) authorizes the filing of a supplement to the briefs "that contains those *portions of the record* necessary to enable the Supreme Court to determine the questions presented." (Emphasis added.) Nothing in the rule authorizes the submission of documentation that was not part of the record below.

{¶ 23} Moreover, it is well settled that "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Hooks*, 92 Ohio St.3d 83, 748 N.E.2d 528 (2001), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. *Accord Neil House Hotel Co. v. Franklin Cty. Bd. of Revision*, 147 Ohio St. 231, 70 N.E.2d 646 (1946),

paragraph one of the syllabus (on appeal from the BTA the court "will confine the exercise of its revisory jurisdiction to the transcript of the record of the proceedings of such board pertaining to the decision complained of and the evidence considered by the board in making its decision"). Because they were not duly made part of the record, we will disregard the conveyance-fee statements.

## THE BTA REASONABLY AND LAWFULLY CONCLUDED THAT THE ALLOCATION EVIDENCE DID NOT SUFFICE TO ESTABLISH THE VALUE OF THE PROPERTIES

{¶ 24} The BTA identified two particular difficulties with the contractual allocation. First, the contractual allocation appeared to encompass some parcels that are not at issue. Second, the contractual allocation did not appear to encompass all the parcels that are at issue. Together, these circumstances make the contractual allocation difficult or impossible to use in valuing the individual parcels.

{¶ 25} Moreover, the circumstances lead RNG to advocate a second level of allocation beyond the allocation in the APA itself: RNG asks that the APA's allocation of $8,425,000 to the Marvo Drive parcels and $1,400,000 to the Home Avenue parcels be broken down to allocate a value to each component parcel, by using a percentage ratio derived from the auditor's original valuations of all the properties.

1. *The record shows that the 2010 sale included some properties that are not at issue and does not show that the sale included all the properties that are at issue*

{¶ 26} As a starting point, the "recitals" section of the APA indicated that not all the parcels at issue were the subject of transfer. More specifically, Section 2.1(a)(xiii) of the APA provides a list of the "Transferred Real Property" that includes only two properties: 1779 Marvo Drive in Akron and *989* Home Avenue in Akron. 989 Home Avenue was not named in RNG's complaints. 1779 Marvo is the street address of four parcels that were the subject of one of the four

complaints herein. But there is no reference to the other Marvo Drive property, 1738 Marvo. Likewise, no mention is made of 995 Home Avenue, which is the only Home Avenue address subject to complaint in this case. Moreover, the section identifying the transferred property by street address states that the real property is "more fully described in Schedule 2.1(a)(xiii)," which was not part of RNG's submission of evidence at the BTA.

{¶ 27} Next to be considered are the two pro forma warranty deeds attached as Exhibits H-1 and H-2 to the APA. These describe the parcels at issue, but also other parcels that are not at issue. Specifically, the first deed refers to the following parcels: 51-03928 (1738 Marvo Drive, included in one of the complaints); 51-09972, 51-09973, 51-09974, 51-09977 (the 1779 Marvo Drive property, in one of the complaints); and 51-09975 (not in the complaints). The second deed describes the following parcels: 67-57142 (the 995 Home Avenue property referred to in one of the complaints); 68-29718 (not in the complaints); and 68-60303 (not in the complaints).

{¶ 28} A review of the two executed deeds that were made part of the record also fails to align the properties at issue with the properties transferred under the APA. The first deed refers to 68-29718 and 51-10855, with a handwritten notation adding "5103928." The handwritten notation does refer to the 1738 Marvo Drive parcel, but the other two parcels are not mentioned in the complaints. (In its brief, RNG states that "[s]ometime prior to the 2010 sale of the subject parcels, four of the subject parcels were consolidated," to wit, parcels 51-09972, 51-09973, 51-09974, and 51-09977 were combined into parcel 51-10855. This mere assertion of counsel is, however, unsupported by any evidence in the record.[1] Furthermore, parcel 68-29718 is not a property at issue.)

---

[1] We have long held that "statements of counsel are not evidence." *Corporate Exchange Bldgs. IV & V, L.P. v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 299, 695 N.E.2d 743 (1998).

**{¶ 29}** The second executed deed refers to 67-57142 and 68-60303. The first is the 995 Home Avenue property; the second is not one of the properties covered by the complaints.

**{¶ 30}** As a final piece of documentation in its supplement at the BTA, RNG offered a HUD settlement statement. That document reflected a sale price equal to the allocated sale price from the contract, but the statement does not identify the property being acquired either by parcel number or street address.

**{¶ 31}** What RNG has done is to present a selective set of documents without offering witnesses to authenticate them and explain how the documentation establishes the values RNG seeks. We have held that the BTA acts reasonably and lawfully when it declines to wade through documents and parse their significance unaided by relevant testimony. *Hardy v. Delaware Cty. Bd. of Revision*, 106 Ohio St.3d 359, 2005-Ohio-5319, 835 N.E.2d 348, ¶ 12-13. The BTA is also justified in disregarding sweeping and unsupported assertions by counsel regarding the significance of the documents. *Id*.

> 2. *The BTA did not err by failing to perform a second-tier allocation, because neither the argument nor the evidence was presented*

**{¶ 32}** As indicated, RNG argues for the first time to this court that the contractual allocations pursuant to the APA should have been further allocated among the individual parcels by a particular method. Specifically, RNG asserts that the court should do what the BTA should have done: calculate each parcel's percentage of the aggregate value assessed for all parcels by the auditor and then apply that percentage to the total sale price. RNG derives this method from *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, in which the court affirmed the use of that method by the board of revision.

**{¶ 33}** We reject this argument for two reasons. First, it was not advanced at the BTA as a method of allocating the contractual amounts. " '[T]he omission

of an argument from a party's brief [before the BTA] may be deemed to waive that argument * * *.' " *Elyria v. Lorain Cty. Budget Comm.*, 128 Ohio St.3d 485, 2011-Ohio-1482, 946 N.E.2d 742, ¶ 24, quoting *HealthSouth Corp. v. Levin*, 121 Ohio St.3d 282, 2009-Ohio-584, 903 N.E.2d 1179, ¶ 18, fn. 2; *accord Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 130 Ohio St.3d 230, 2011-Ohio-3362, 957 N.E.2d 268, ¶ 20 (failure to raise evidentiary objection at either the board of revision or the BTA meant that objection was "waived, absent plain error"); *Crown Communication, Inc. v. Testa*, 136 Ohio St.3d 209, 2013-Ohio-3126, 992 N.E.2d 1135, ¶ 18-19 (same).[2]

**{¶ 34}** Second, RNG failed to put in the record the evidence necessary to support the proposed allocation. Specifically, the allocation relies in part on valuations of properties that are not at issue: parcels 68-29718 and 68-60303. Ordinarily, the auditor's original valuations are in evidence through the property record cards and other documentation at the board of revision. Here, however, there is no evidence of the auditor's valuations of parcels that were never placed at issue through the complaints in this case, and, as we have said, the bare assertion of counsel is not itself evidence. Thus, the allocation is not supported by record evidence.

**{¶ 35}** For these reasons, we reject the second level of allocation proposed in RNG's brief.

### RNG FAILED TO DISCHARGE ITS BURDEN TO SHOW THE PROPRIETY OF AN ALLOCATED SALE PRICE

**{¶ 36}** An owner who favors the use of an allocated bulk-sale price to reduce the value assigned to real property must bear the burden of proving the propriety of the allocation. *FirstCal*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929

---

[2] We note that a plain-error analysis of the BTA's failure to allocate is not applicable because there is no error. As discussed below, the basic evidence to support the method of allocation was not presented at the BTA.

N.E.2d 426, ¶ 26, explaining *St. Bernard Self-Storage, L.L.C. v. Hamilton Cty. Bd. of Revision*, 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, ¶ 17. Here RNG relies upon the APA's recitation regarding an allocation of total sale price, along with a settlement statement and deeds.

{¶ 37} While the APA does contain an allocation, it does not set forth any reasoning as to how that allocation was determined, nor does it even set forth an allocation at the level of individual parcels. Moreover, RNG has offered no reasoning in support of the contractual allocation. Although the fact that an allocation was negotiated between the parties is relevant, *see W.S. Tyler Co. v. Lake Cty. Bd. of Revision*, 57 Ohio St.3d 47, 49, 565 N.E.2d 826 (1991), it is not sufficient by itself, because the motivations behind the allocation are crucial to a determination of its propriety for tax-valuation purposes. *See Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 132 Ohio St.3d 371, 2012-Ohio-2844, 972 N.E.2d 559, ¶ 24. The bare fact of allocation in the purchase contract did not invoke a presumption in the owner's favor in *St. Bernard Self-Storage*, and by the same token it should not do so here.

## RNG EFFECTIVELY WAIVED ITS CONSTITUTIONAL ARGUMENT BY FAILING TO STATE SPECIFIC GROUNDS FOR RELIEF

{¶ 38} RNG contends that the failure to use an allocated sale price to value the properties at issue violates Article XII, Section 2 of the Ohio Constitution, which requires that property be taxed by uniform rule according to value. RNG's argument consists of two paragraphs that basically reiterate arguments already made. No specific reasoning is offered why the BTA decision violated constitutional uniformity. Under these circumstances, the constitutional argument has been effectively waived. *See Util. Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 53 (constitutional argument was "effectively waiv[ed]" when appellant supplied

"[n]o argument * * * whether the relevant case law, applied to the facts of this case, justifies a decision in [the appellant's] favor").

## CONCLUSION

{¶ 39} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL and KENNEDY, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 40} Respectfully, I dissent.

{¶ 41} I would accept the owner's opinion of value and use the recent arm's-length sale of these properties and allocation as a basis for valuation. Accordingly, I would reverse the decision of the Board of Tax Appeals.

KENNEDY, J., concurs in the foregoing opinion.

_____

Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, and Stephen M. Nowak, for appellant.

Brindza, McIntyre & Seed, L.L.P., David H. Seed, and Jennifer A. Antoon, for appellee Akron City School District Board of Education.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Regina M. VanVorous, for appellees Summit County Fiscal Officer and Summit County Board of Revision.

_____