[Cite as *Neff v. Knapp*, 2018-Ohio-2910.]

| | |
|---|---|
| STACEY A. NEFF | Case No. 2017-00876PQ |
| Requester | Judge Patrick M. McGrath |
| v. | DECISION |
| LISA KNAPP | |
| Respondent | |

{¶1} Before the court are (1) a report and recommendation issued on May 2, 2018, by Special Master Jeffery W. Clark that concerns a complaint filed by requester Stacey A. Neff against respondent Lisa Knapp, (2) Neff's written response of May 11, 2018, to Special Master Clark's report and recommendation, and (3) Knapp's written objections of May 11, 2018, to Special Master Clark's report and recommendation.

{¶2} For reasons set forth below, the court determines that (1) insofar as Neff's written response may be construed to be a written objection, Neff's objection should be overruled, (2) Knapp's written objections should be overruled, (3) the special master's report and recommendation should be modified, and (4) the special master's report and recommendation should be adopted, as modified by this decision.

## I. Background

{¶3} On October 25, 2017, Stacey A. Neff sued Lisa Knapp, a trustee of Orange Township, alleging a denial of access to public records. In her complaint, Neff stated: "To date, I have received all items that I requested directly from the township. However, those items requested directly from Ms. Knapp have not been addressed: Lisa uses a personal email address so only she can send this information."

{¶4} The court appointed attorney Jeffery W. Clark as a special master in the cause. The court also referred the case for mediation. After mediation failed to successfully resolve all disputed issues, the court returned the case to the docket of

Special Master Clark. On May 2, 2018, Special Master Clark issued a report and recommendation. In the conclusion of the report and recommendation, Special Master Clark states:

> Upon consideration of the pleadings and attachments, I recommend that the court DENY Neff's claim for production of records responsive to request No. 2 as moot. I further recommend that the court GRANT Neff's claim for production of the records responsive to request No. 3 submitted under seal. I further recommend that the court DENY Neff's request for production of records in request No. 5 as overly broad and ambiguous, and because respondent attests that no further responsive records exist. Neff has shown by clear and convincing evidence that respondent township violated the requirements of R.C. 149.43(B)(1), (B)(2), and (B)(3), and I recommend that the court find Neff is entitled to recover the amount of the filing fee and any other costs associated with the action that she has incurred. R.C. 2743.75(F)(3)(b).

(Report and Recommendation, 12.)

{¶5} The court sent copies of the special master's report and recommendation by U.S. certified mail to Neff, Knapp's counsel, and Knapp. According to the court's records, Neff received the court's mailing on May 11, 2018, Knapp's counsel received the court's mailing on May 8, 2018, and Knapp received the court's mailing on May 4, 2018.

{¶6} Thereafter, on May 11, 2018, Neff filed a response to the special master's report and recommendation and, that same day, Knapp, through counsel, filed written objections to the special master's report and recommendation. According to a "proof of service" accompanying Neff's response, Neff certified that the she served a copy of her response "by ordinary mail, postage pre-paid, as well as email" to Knapp and Knapp's counsel. And, according to a certificate of service accompanying Knapp's objections, Knapp's counsel forwarded a copy of Knapp's objections to Neff "via certified United States Mail, return receipt requested."

{¶7} The court sent a copy of Neff's response to Knapp's counsel by U.S. certified mail and the court sent a copy of Knapp's objections to Neff by U.S. certified mail. According to the court's records, on May 18, 2018, Knapp's counsel

received a copy of Neff's response that the court had forwarded to him. Four days later, on May 22, 2018, Knapp, through counsel, filed a response to Neff's filing, with Knapp's counsel certifying that he forwarded a copy of Knapp's response "via certified United States Mail, return receipt requested."

## II. Law and Analysis

{¶8} R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court relative to a public-records dispute. Pursuant to R.C. 2743.75(F)(2):

> Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

Upon review, the court finds that, in accordance with requirements contained in R.C. 2743.75(F)(2), both Neff and Knapp, through her counsel, submitted their filings within seven business days after receiving a copy of the special master's report and recommendation. However, the court finds that Neff's filing does not fully comport with procedural requirements contained in R.C. 2743.75(F)(2) because Neff failed to send a copy of her response to Knapp's counsel by certified mail, return receipt requested. Because Neff failed to fully comply with procedural requirements contained in R.C. 2743.75(F)(2) when she filed her response, Neff's filing may be subject to dismissal. *See e.g., State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5 (stating that "[t]he requirements of R.C. 2969.25 are mandatory,

and failure to comply with them subjects an inmate's action to dismissal"). However, in the interest of justice the court will review Neff's written response.

{¶9} Regarding Knapp's objections, the court finds that Knapp's objections fully comport with procedural requirements contained in R.C. 2743.75(F)(2) because (1) Knapp, through counsel, timely filed her objections and (2) Knapp's counsel has certified that he sent a copy of Knapp's written objections to Neff by certified mail, return receipt requested, in conformity with procedural requirements contained in R.C. 2743.75(F)(2). Knapp's response to Neff's filing of May 11, 2018 also is timely and comports with procedural requirements contained in R.C. 2743.75(F)(2) because (1) it was filed within seven business days after Knapp's counsel received a copy of Neff's filing that the court sent to Knapp's counsel via certified mail and (2) Knapp's counsel has certified that he sent a copy of Knapp's response to Neff by certified mail, return receipt requested.

## A. Neff's suggestion of error in her written response is not well-taken.

{¶10} On May 11, 2018, Neff filed a document that is labeled a "response" to the special master's report and recommendation. In this filing Neff essentially provides her account of the events that led to the filing of her complaint, her account of certain events during litigation of this matter before the court, and her account of alleged events that occurred following the special master's issuance of the report and recommendation. But, except for claiming that she "[has] not received any response from Lisa Knapp or Lee Bodnar relating to item #2," it does not appear to the court that Neff in her response has raised any objection to the special master's report and recommendation.

{¶11} A review of attachments to Neff's complaint and the special master's report and recommendation discloses that by Request No. 2, Neff requested "any records of requests from Lisa Knapp for financial records for Orange Township." (Complaint; Report and Recommendation, 1.) And a review of the record discloses a sworn declaration from Township Administrator Lee Bodnar wherein he avers that Orange Township previously provided records generally related to "requests from

Lisa Knapp for financial records of Orange Township that Lisa Knapp has transmitted to Orange Township in any capacity." (Bodnar Affidavit dated March 27, 2018, ¶ 4).

{¶12} In view of Bodnar's sworn declaration contained in his affidavit, the court is not persuaded by Neff's suggestion of error. The court determines that Neff's suggestion of error should be overruled.

**B. Lisa Knapp's written objections to the special master's report are not well-taken.**

{¶13} By her written objections, (1) Knapp "objects to Special Master Clark's May 2, 2018 Report and Recommendation as it relates to Township Fiscal Officer Joel Spitzer's acts or omissions", (2) Knapp "objects to Special Master Clark's recommendation that Requestor is entitled to recover the amount of the filing fee and any other costs associated with the action that she has incurred," and (3) Knapp submits that the special master "misinterpreted the affidavit submitted by Township Administrator Lee Bodnar and ignored the factual statements made in the Requestor's complaint." (Respondent's Objections, 1.) In support of Knapp's objections, Knapp relies in part on an affidavit of Joel Spitzer, who formerly served as Orange Township's record custodian. Spitzer's affidavit is dated May 11, 2018—nine days after the special master issued his report and recommendation.

{¶14} In the report and recommendation, Special Master Clark stated:

> Request No. 2 was received by Fiscal Officer Spitzer, the person responsible for the records of Orange Township. * * * However, Spitzer did not provide Neff with copies of requested records in his keeping, or reject the request as ambiguous or overly broad, or assert any exception, or respond that the records did not exist. Instead, Spitzer forwarded to Knapp a second version of the request in which Neff had added the sentence, "For all requests we would like information from Lisa Knapp's personal or township email address." (Complaint at 3.) With no explanation as to whether he also maintained responsive records, Spitzer stated in his forwarding email, "Obviously, several items are under your control; thus, would need to be provided from you. Please provide notice to this office once the items requested are prepared for delivery." (*Id.*)

Even if duplicate, convenience, or sending-party copies existed elsewhere, Spitzer was the person officially responsible for the township records. Respondent has provided no evidence to support Spitzer's assertion that official, scheduled records responsive to request No. 2 were "obviously" only under Knapp's control. Orange Township Administrator Lee Bodnar has since provided Neff with 48 pages of township correspondence responsive to request No. 2. (Bodnar Aff. at ¶ 3-4; attachments.) * * * Bodnar's production of township records responsive to this request belies any necessity for Spitzer to have sought copies from Knapp. Spitzer's failure to provide township records responsive to this request was a violation of R.C. 149.43(B)(1), and his failure to provide an explanation for denial of production was a violation of R.C. 149.43(B)(3). Spitzer's redirection of the request to a trustee, rather than providing the records he maintained, resulted in delay of the response beyond a reasonable period of time, a further violation of R.C. 149.43(B)(1).

(Footnotes omitted.) (Report and Recommendation, 5-6.)

{¶15} Based on the court's review, it appears that the special master may have "misinterpreted" Bodnar's sworn declaration contained in an affidavit of March 27, 2018. In paragraph 4 of his affidavit of March 27, 2018, Bodnar avers:

Although the request for "any records of requests from Lisa Knapp for financial records of Orange Township that Lisa Knapp transmitted to Orange Township in any capacity" is ambiguous and overly broad, Orange Township nevertheless liberally construed, and then responded to, this public records request. Attached hereto are true and accurate copies of records generally related to "requests from Lisa Knapp for financial records of Orange Township that Lisa Knapp has transmitted to Orange Township in any capacity." *Orange Township previously provided the attached records to Stacey Neff.*

(Emphasis added.) Notably, in paragraph 4 Bodnar does not attest that he provided Neff with township correspondence responsive to Neff's request No. 2, as the special master stated in the report and recommendation. Neither does Bodnar aver in paragraph 4 when Orange Township provided the records to Neff. A review of the special master's report and recommendation further discloses that the special master used this apparent misinterpretation in his analysis to conclude that by clear and convincing evidence Fiscal Officer Joel Spitzer's actions or inactions, or both, resulted

in violations of R.C. 149.43(B). The court finds that Knapp's contention that the special master may have "misinterpreted" Bodnar's affidavit appears to have some merit.

{¶16} However, even assuming for the sake of argument that the special master's analysis is faulty because it is based in part on an incorrect factual underpinning, it does not necessarily follow that Neff should be deprived of damages that includes the amount of her filing fee or other costs associated with the action that have been incurred by her. A review of Knapp's objections discloses that Knapp does not challenge the special master's finding that none of the records related to Neff's Request No. 3 fall within in an exception to disclosure under R.C. 4701.19(B) or the special master's recommendation that the court grant Neff's claim for the production of the records responsive to request No. 3 submitted under seal. See Report and Recommendation, 6-9, 12. And, upon review, it does not appear to the court that the special master's conclusion of law and recommendation relative to Request No. 3 constitutes an error of law or other defect. *See generally* R.C. 2743.75(F)(2) (stating that "[i]f neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation").

{¶17} Pursuant to R.C. 2743.75(F)(3), under certain circumstances a requester may be entitled to recover from a public office or person responsible for the public record the amount of the filing fee of twenty-five dollars and other costs associated with the requester's action that are incurred by the requester. R.C. 2743.75(F)(3) provides:

> If the court of claims determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:

> (a) The public office or the person responsible for the public records shall permit the aggrieved person to inspect or receive copies of the public records that the court requires to be disclosed in its order.

> (b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of

twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, but shall not be entitled to recover attorney's fees, except that division (G)(2) of this section applies if an appeal is taken under division (G)(1) of this section.

In this instance, (1) because Knapp has not challenged the special master's conclusion of law that Neff's Request No. 3 does not fall into the scope of an exception under R.C. 4701.19(B), (2) because the special master's conclusion of law relative to Request No. 3 results in a determination that Neff was denied access to a public record in violation of R.C. 149.43(B), and (3) because, as discussed above, the court has determined that the special master's conclusion of law relative to Request No. 3 does not appear to constitute an error of law or other defect, it follows that in this instance Neff should be entitled to recover her filing fee of twenty-five dollars and any other costs associated with her action that are incurred by her, but Neff should not be entitled to recover attorney fees.

**{¶18}** Finally, Knapp's reliance on Fiscal Officer Joel Spitzer's affidavit dated May 11, 2018, to support her objections is not persuasive because through Sptizer's affidavit Knapp appears to add matter to the record that was not before the special master and Knapp then asks this court to decide her objections on the basis of this new matter. Under Ohio law, however, "it is well settled that 'a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' *State v. Hooks*, 92 Ohio St.3d 83, 2001 Ohio 150, 748 N.E.2d 528 (2001), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus." *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, 19 N.E.3d 906, ¶ 23. Thus, to the extent that R.C. 2743.75(F)(2) requires this court to function as a reviewing court, the court finds Knapp's reliance on Joel Spitzer's affidavit of May 11, 2018, is not persuasive.

**{¶19}** In sum, because Knapp has not demonstrated prejudicial error by her written objections, the court determines that Knapp's written objections should be

overruled. *See Ohio Life Ins. & Trust Co. v. Goodin*, 10 Ohio St. 557, 563 (1860), paragraph one of the syllabus ("[i]n order to justify the reversal of a judgment or decree upon error, the record must show affirmatively, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it"); *see also Home S. &. L. Co. v. Avery Place, LLC*, 10th Dist. Franklin Nos. 13AP-777, 13AP-778, 2014-Ohio-1747, ¶ 10 (appellate court is required to affirm a trial court's judgment if there are any valid grounds to support it).

### III. **Conclusion**

**{¶20}** For reasons set forth above, the court determines that (1) insofar as Neff's written response may be construed to be a written objection, Neff's objection should be overruled, (2) Knapp's written objections should be overruled, (3) the special master's report and recommendation should be modified, and (4) the special master's report and recommendation should be adopted, as modified in this decision.

PATRICK M. MCGRATH
Judge

| STACEY A. NEFF | Case No. 2017-00876PQ |
|---|---|
| Requester | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| LISA KNAPP | |
| Respondent | |

{¶21} For the reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court OVERRULES requester Stacy Neff's response of May 11, 2018, to the extent that it raises an objection to Special Master Jeffery W. Clark's Report and Recommendation of May 2, 2018. The court also OVERRULES respondent Lisa Knapp's written objections of May 11, 2018, to Special Master Clark's Report and Recommendation of May 2, 2018. The court MODIFIES Special Master Clark's Report and Recommendation as stated in the concurrently filed decision. The court ADOPTS Special Master Clark's Report and Recommendation as modified in the concurrently filed decision.

{¶22} Judgment is rendered in favor of requester Stacy Neff. In accordance with the special master's recommendation, the court ORDERS respondent to permit Neff to inspect or receive copies of the records submitted under seal to the court relative to Neff's Request No. 3. And the court determines Neff is entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action incurred by Neff. Neff is not entitled to recover attorney fees. Court costs are assessed against respondent. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

-11-

_____

PATRICK M. MCGRATH
Judge

**Filed June 6, 2018**
**Sent to S.C. Reporter 7/24/18**